**NOFO MACKENZIE, SAUMANIA CHOI, FIATAGATA FULU, ATAPO SATELE, FA'AFOITA TUIOTI, VIANE ULUGIA, ROSALIA BURGESS, BERRY JOE, NAMELI NU'USILA, SAMUELU TA'ASE, MARK MEREDITH, SIASAU MAMEA, FA'AFOUINA THOMPSON, TUAOLOINA TA'ASE, MALAMALAMA SO'O, RAYMOND TAUTALA, SITA P. FE'A, FALANIKO FELISE, PAULO LIULEVAEGA, SUITOA KELETI, ETUALE BURGESS, IUPELI SITALA, TAUMATA GASIO, GALUEGA GASIO, MARYANN TA'ASE, FRED BURGESS, TI TIMALILI, and MICHAEL AETUI, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs**

**v.**

**GOVERNOR A.P. LUTALI, LT. GOVERNOR TAUESE SUNIA, and FRED MAMEA, Director of Human Resources, Defendants**

High Court of American Samoa
Trial Division

CA No. 44-93

June 15, 1993

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiffs, Albert Mailo
For Defendants, Malaetasi M. Togafau, Attorney General,
and Jennifer Joneson, Assistant Attorney General

Order Dismissing Plaintiffs' Action:

This motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief could be granted, failure to properly plead a class action suit, and failure to join a necessary party came regularly for hearing on June 13, 1993. Defendants' separate motion to disqualify plaintiffs' counsel was heard and denied at this hearing. We are, however, unable to treat the motion to dismiss in a like manner.

Plaintiffs' complaint suffers from several serious flaws, which the defendants have ably noted in their memorandum in support of dismissal. First, the defendants point out that the plaintiffs failed to join the American Samoa Government (ASG) as a defendant, but this seems to be an oversight; ASG is named as a defendant in the body of the pleading but is omitted in the caption. In any event, the plaintiffs would be free to amend their complaint to correct this omission, as no responsive pleading has been filed. Given our decision today, however, amending the complaint would be pointless, as there are other, more grievous problems with the pleading.

The plaintiffs seek declaratory relief, which is inappropriate in the present situation, as it would necessitate a lengthy factual inquiry on the part of the court and would not address adequately the wrongs to which the plaintiffs feel they have been subjected. While the court has an obligation to liberally construe pleadings to avoid injustice, this does not extend to refashioning plaintiffs' theory of relief.

In addition, the plaintiffs have not begun to lay the detailed, technical foundation required to bring a class action suit. Mere assertions, such as "[t]he local newspapers estimated that over 400 people were laid off," are insufficient. A class action suit is neither lightly nor casually plead. It requires much greater research than the mere reading of a local newspaper.

For these reasons, the defendants' motion to dismiss is GRANTED. The complaint is dismissed without prejudice; should the plaintiffs succeed in clarifying their form of relief and establish a proper

class, there is nothing to prevent them from bringing this before the court at a later date.

It is so ordered.